## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Heriberto R.E.,

        Petitioner,

v.

Todd Blanche, *in his official capacity as Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Ryan Shea, *in his official capacity as Sheriff of Freeborn County*,

        Respondents.

Civ. No. 26-2227 (JWB/LIB)

**ORDER ON
PETITION FOR WRIT OF
HABEAS CORPUS**

Brock J. Specht, Esq., and Cole Alexander Birkeland, Esq., Nichols Kaster PLLP, counsel for Petitioner.

David W. Fuller, Esq., and Carl Berry, Esq., United States Attorney's Office, counsel for federal Respondents.

David John Walker, Esq., Freeborn County Attorney's Office, counsel for Respondent Ryan Shea.

Petitioner Heriberto R.E. is a noncitizen who was arrested within the United States and detained by immigration authorities without any opportunity to seek release on bond. This case presents a narrow question: whether a noncitizen in that posture—treated by statute as an applicant for admission—may nonetheless be held without any

individualized determination of flight risk or danger to the community without violating the Due Process Clause.

The governing statute permits detention for certain individuals classified as applicants for admission. But that statutory authority does not answer the constitutional question. What process the Constitution requires once detained is a separate inquiry.

That inquiry is central here.

## BACKGROUND

Petitioner is a citizen of Mexico. (*See* Doc. No. 1, Petition ¶¶ 3, 46.) He entered the country around 2001, voluntarily returned to Mexico in 2004, returned to the United States, has lived in the country for over 20 years, and is a resident of St. Paul, Minnesota. (*Id.* ¶¶ 3, 15, 46; Doc. No. 7, Hinman Decl., Ex. A at 2.) He has been working in the horticulture industry. (Petition ¶¶ 3, 47.) He has two sons: one is a U.S. citizen, and the other has lawful status under Deferred Action for Childhood Arrivals. (*Id.*)

In early April 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner after he was arrested by local law enforcement for driving under the influence. (*Id.* ¶¶ 4, 48; Hinman Decl., Ex. A at 2.) Petitioner has not been convicted of the offense. (Hinman Decl., Ex. A at 2.) Nothing in the record indicates that Petitioner has a criminal record requiring mandatory detention under 8 U.S.C. § 1226(c).

On April 5, 2026, the Department of Homeland Security ("DHS") served notice of its intent to detain Petitioner, and on April 7, 2026, ICE detained Petitioner. (Hinman Decl., Exs. B, D.) Petitioner requested a hearing before an Immigration Judge. (Hinman Decl., Ex. C.) DHS then served Petitioner with a Notice to Appear ("NTA"), which

commenced removal proceedings and charged Petitioner with being present in the United States without admission or parole. (*Id.* ¶¶ 5, 49; Hinman Decl., Ex. E.) Petitioner has since remained in custody at the Freeborn Adult Detention Center in Albert Lea, Minnesota. (Petition ¶¶ 15, 52.)

**DISCUSSION**

**I.      Legal Standard**

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Petitioner argues that his detention is unlawful because it violates the Due Process Clause of the Fifth Amendment. (Petition ¶¶ 53–69.) He also claims that his detention violates the Immigration and Nationality Act ("INA"), only to preserve the claim in light of the recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (*Id.* ¶¶ 70–76.)

Petitioner challenges only the lawfulness of his present detention. He does not contest any removal order, the decision to initiate removal proceedings, or the execution of removal. Thus, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

3

## II.    Analysis

### A.    Statutory Detention Authority

Respondents assert that Petitioner is an applicant for admission and must be detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Section 1225 applies to "applicants for admission," defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States." *See* 8 U.S.C. § 1225(a). Section 1225(b)(2) provides that applicants for admission, if "seeking admission" to the United States and not "clearly and beyond a doubt entitled to be admitted," "shall be detained" for a removal proceeding. 8 U.S.C. § 1225(b)(2)(A). Section 1225(b)(2) does not mention a bond hearing. *See Jennings*, 138 S. Ct. at 842, 851.

The Eighth Circuit recently affirmed Respondents' position that the phrases "applicant for admission" and "seeking admission" are the same. *Avila*, 170 F.4th at 1134–36. Accordingly, in the Eighth Circuit, any noncitizen present in the United States who has not been lawfully admitted, regardless of whether they are arriving at the border or living within the interior, are subject to mandatory detention under § 1225(b)(2)(A). And under that statutory provision, the government can detain without bond. *See id.* at 1138 (finding the district court "erred in holding that the Government could not detain Avila without bond under § 1225(b)(2)(A)"); *see also Jennings*, 138 S. Ct. at 851 (pointing out that § 1225(b)(2) does not reference bond hearings and finding that periodic bond hearings are not required under a statutory construction analysis).

Respondents assert that Petitioner, as a noncitizen who has not been lawfully

admitted, is deemed to be an applicant for admission and subject to mandatory detention without bond, regardless of how far from the border he was apprehended or how long he had been living inside the country. That is an accurate recitation of § 1225(b)(2)'s meaning under *Avila*. That point, however, means only that Petitioner's detention does not represent a *statutory* violation based on the detention provision in 8 U.S.C. § 1225(b)(2). It says nothing about whether Petitioner's detention comports with constitutional due process.

Here, Petitioner's physical presence in the United States requires consideration of due process protections—he is a person in the country who has been detained. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Even accepting that § 1225(b)(2) mandates detention under *Avila*, the question of whether the Constitution requires additional process under the circumstances must still be considered.

## B.     Constitutional Protections

Under *Avila*, a noncitizen who has not been lawfully admitted may be treated as an applicant for admission and can be detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). 170 F.4th at 1134–38. *Avila* did not address whether noncitizens mandatorily detained under § 1225(b) can challenge the fact or length of their detention as a violation of constitutional due process. Petitioner is therefore not precluded from raising the claim here. *See* 170 F.4th at 1140 & n.8 (Erickson, J., dissenting). The question thus is whether detention imposed through that authority, under the circumstances presented here, comports with the Due Process Clause.

It does not.

The Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. That protection extends to all persons physically present in the United States, including noncitizens, regardless of the legality of their presence. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Civil detention, while permissible in certain contexts, must be reasonably related to its purpose and justified in the particular case. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

Whether civil detention satisfies due process turns on the private liberty interest at stake, the risk of erroneous deprivation absent additional safeguards, and the government's interest in continued detention. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). That framework guides the analysis here.

Respondents contend that no additional process is required because Petitioner is treated as an applicant for admission under § 1225(b)(2)(A). Under *Avila*, that classification is correct as a matter of statutory law, even for a noncitizen apprehended within the interior of the United States. But that conclusion does not resolve the constitutional inquiry. *Avila* addresses the scope of statutory detention authority; it does not determine what process the Constitution requires when that detention authority is exercised.

Due process does not turn on statutory classifications alone, such as treating a noncitizen as an applicant for admission. It depends on the nature of the deprivation and the circumstances in which it is imposed.

Those circumstances are significant here. Petitioner was not apprehended at the

6

border or while attempting to enter the country. He was arrested within the United States, where he has lived for more than two decades. He has established community ties, has family living here, including a United States citizen child, and has been employed in the community. His detention therefore implicates a substantial liberty interest, given his decades-long presence in the United States.

At the same time, Respondents have made no individualized determination that Petitioner poses a risk of flight or a danger to the community. His detention rests solely on treating him as an applicant for admission, without any mechanism for review. In that posture, the risk of erroneous liberty deprivation is substantial because there is no process to test whether detention is justified in this particular case.

The government's interests in ensuring attendance at removal proceedings and protecting the public warrant substantial weight. But those interests are not undermined by requiring a minimal procedural safeguard such as a bond hearing. A bond hearing does not mandate release. It requires only that the government justify continued detention to a neutral decisionmaker. The administrative burden of such a hearing is modest, particularly when measured against the significant liberty interest at stake.

Under the circumstances present here, detention is not self-justifying. Petitioner was arrested within the United States, has lived here for decades, and has received no individualized assessment of the basis for his detention. Continued detention without any process is therefore constitutionally insufficient. Due process requires a meaningful opportunity to test the justification for continuing detention.

Accordingly, Petitioner's continued detention—without any opportunity for an

individualized determination—violates the Due Process Clause.

### C.      Remedy

The appropriate remedy is a prompt bond hearing.

Petitioner's detention is unconstitutional because it has been imposed without any individualized determination that continued detention is necessary. The Constitution requires a process sufficient to test the justification for continued detention. A bond hearing provides that process.

At that hearing, the government must justify continued detention based on an individualized assessment of flight risk or danger to the community. Continued detention may not rest solely on Petitioner's classification as an applicant for admission.

Respondents will therefore be ordered to provide Petitioner with a bond hearing before an Immigration Judge within seven days of this Order. If such a hearing is not provided within that time, Petitioner must be released.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner Heriberto R.E.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED IN PART**.

2.      Petitioner's continued detention without any opportunity for an individualized bond determination violates the Due Process Clause.

3.      Respondents must provide Petitioner with a bond hearing before an Immigration Judge in Minnesota within **7 days** of the date of this Order.

4.      Respondents, or anyone acting in concert with Respondents, are

**ENJOINED** from removing, transferring, or otherwise facilitating the removal of

Petitioner from the District of Minnesota before the bond hearing and related ruling

required by this Order have occurred.

5.      If Respondents do not provide Petitioner with a bond hearing as required by

this Order, Petitioner must then be **immediately released from detention**.

6.      If Petitioner is released:

   a. **Release and Return of Property.** In the event that Respondents release
      Petitioner, he must be released in Minnesota. At the time of Petitioner's
      release, Respondents shall return to Petitioner all personal property in
      Respondents' custody or control, including but not limited to, passports,
      identity papers or licenses, immigration records, prescribed medications,
      and treatment-related equipment. Release may not be delayed for any
      reason related to the retrieval, processing, or return of such property.
      Any delay or failure to effectuate release in accordance with this
      paragraph constitutes noncompliance with this Order.

   b. **Return to Minnesota.** If Petitioner is currently held outside Minnesota,
      Respondents shall initiate Petitioner's return to Minnesota for the sole
      purpose of effectuating release. Respondents shall not delay initiating
      Petitioner's return based on administrative convenience, transportation
      availability, or detention-capacity considerations.

   c. **Weather-Related Delay.** If weather conditions present a safety risk at
      the time of release, Respondents may delay physical release only for the
      brief period necessary to ensure safe release. Any such delay must be
      strictly limited and may not be used to justify continued custody where
      a safe alternative is available.

   d. **No Recharacterization of Custody.** Respondents may not
      administratively recharacterize the release granted by this Order as
      grounds to impose conditions or re-impose existing conditions in
      conjunction with release (including release on recognizance or similar
      instruments), without prior notice to and authorization from the Court,
      or absent a new and independently lawful custody decision properly
      executed under the law. For the avoidance of doubt, Respondents'

9

compliance with this Order would require Petitioner's release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

7.      **Notice.** On or before **May 11, 2026**, Respondents shall file a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. If released, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

8.      Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 1, 2026                          *s/ Jerry W. Blackwell*
Time: 9:41 a.m.                            JERRY W. BLACKWELL
                                          United States District Judge